274 P.2d 568

R. LaVaun COX, Harrison Conover, A. F. Gaisford and Glenn Bjornn, Plaintiffs,

v.

Lamont F. TORONTO, Secretary of State of the State of Utah, J. Bracken Lee, Governor of the State of Utah and E. R. Callister, Jr., Attorney General of the State of Utah, and the above individuals and officers comprising the Board of Examiners of the State of Utah, Defendants.

No. 8271.

Supreme Court of Utah.

Oct. 5, 1954.

Owen & Ward, Dean W. Sheffield, John D. Rice, Salt Lake City, for appellants.

E. R. Callister, Jr., Atty. Gen., for respondents.

PER CURIAM.

This is an original proceeding before this Court brought by petitioners as citizens and voters in which they seek to compel the Secretary of State to publish the arguments for and against a law enacted by the 1953 Legislature which, if approved by the electorate, will transfer Dixie, Snow and Weber Junior Colleges from the State to the Church of Jesus Christ of Latter Day Saints.

The law is before the people for vote pursuant to referendum under Chapter 11 of Title 20, U.C.A.1953. The specific section with respect to which this controversy arose is 20–11–18 as amended by Chapter 36, S.L. U.1953. The old section provided that when a law was submitted to the people by referendum the Secretary of State should:

ment: 9 �

"* * * prepare a publicity pamphlet which shall contain * * *:

"(1) A true copy of the title and text * * *.

"(2) A copy of the number and ballot title * * *.

"(3) Arguments of equal length, * * * for and against each such measure by the proponents and opponents thereof. The actual cost of inserting and printing such arguments shall be paid by the persons presenting the same."

The 1953 amendment allowed the Secretary of State to either use the publicity pamphlet or to publish the information in a newspaper of general circulation in each county where a newspaper is published.

The Secretary of State has indicated that because of certain aspects of the use of the publicity pamphlet it is impractical and that he has elected to publish in newspapers. For the purpose of this proceeding it is not disputed that the persons presenting the arguments have refused to pay the costs of publishing them and that the Secretary of State refuses to publish such arguments unless such costs are tendered.

It is the position of petitioners that under the wording of the statute, the language "the actual cost of inserting and printing such arguments shall be paid by the persons presenting the same" applies only to the original provision with respect to the preparation of a publicity pamphlet, and does not apply to the portion inserted as an amendment, that is, to the publication in newspapers.

The purpose of the original act was to place upon the advocates of each side of such legislation the costs of publishing the pro and con arguments with respect thereto. In the 1953 amendment there is no indication of an intent to change such purpose— but the only purpose seems to have been to give the Secretary of State an election as to means of giving publicity to such referendum.

It is our view that the language just referred to applies to the publication in newspapers as well as to the preparation of a publicity pamphlet. The statute authorizing the presentation of the arguments requires the parties presenting them to do two things, to present the arguments and to pay the specified costs. If no arguments were presented there would be no obligation to publish any. Similarly if the specified costs are not tendered, the statute is not complied with, and there is no duty to publish the arguments.

We conclude that in the absence of proper tender of the cost of "printing and inserting" the arguments in a newspaper, the Secretary would fulfill his duty by publishing the information set out in (1) and (2) of 20–11–18 hereinabove quoted. We note that in the context of this statute the cost of "printing and inserting" does not include the cost of distribution or circulation thereof.

362

The petition seeking a writ to compel the Secretary of State to publish the arguments for and against each side of such measure, without demanding the costs therefor, is denied.

HENRIOD, Justice (dissented in part).

I am unable to agree with the several conclusions of the majority opinion as to the meaning of Chapter 36, Laws of Utah 1953 (involved in this case) presented to this Court at this eleventh hour, where neither time nor energy allows us to do justice to a result not vulnerable to some kind of attack.

Therefore, although bound by and agreeing with the result, I dissent from the reasons given, reserving the privilege of augmentation hereof.